IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| FUND RECOVERY SERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RBC CAPITAL MARKETS, LLC et al.,<br><br>Defendants. | Case No. 1:20-cv-5730<br><br>Hon. Judge Matthew F. Kennelly |

**DEFENDANT WIRZBERGER'S MEMORANDUM OF LAW IN SUPPORT OF
HIS MOTION FOR SANCTIONS PURSUANT TO RULE 11, F.R.C.P.**

JASZCZUK P.C.
Daniel I. Schlessinger
311 S. Wacker Drive, Suite 2150
Chicago, Illinois 60606
(312) 442-0366
dschlessinger@jaszczuk.com

COHEN TAUBER SPIEVACK & WAGNER P.C.
Kenneth J. Rubinstein (admitted *pro hac vice)*
Jackson S. Davis (admitted *pro hac vice*)
420 Lexington Avenue, Suite 2400
New York, New York 10170
(212) 586-5800
krubinstein@ctswlaw.com

*Counsel to Daniel Wirzberger*

# TABLE OF CONTENTS

Table of Authorities ................................................................................................................ ii
Preliminary Statement ............................................................................................................ 1
Relevant Facts and Procedural History ................................................................................. 2
Argument ................................................................................................................................ 6
I.    Applicable Legal Standard .......................................................................................... 6
II.   Rule 11 Sanctions are Warranted Against FRS ........................................................ 7
    A.    Fraud-Based Claims .............................................................................................. 9
    B.    Conversion Claim ................................................................................................ 10
    C.    Tortious Interference with Contract Claim ...................................................... 11
    D.    Civil Conspiracy and Aiding and Abetting Claims ........................................... 12
    E.    Sanctions Should be Imposed Against Plaintiff and Counsel ......................... 12
Conclusion ............................................................................................................................ 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Macon Cty., Ill. ex rel. Ahola v. Merscorp, Inc.*,
  968 F. Supp. 2d 959 (C.D. Ill. 2013), *aff'd sub nom. Macon Cty., Ill. v. MERSCORP, Inc.*, 742 F.3d 711 (7th Cir. 2014).................................................................12

*Berwick Grain Co., Inc. v. Illinois Dept. of Agric.*,
  217 F.3d 502 (7th Cir. 2000) ..................................................................................8, 13

*Bethesda Lutheran Homes & Servs., Inc. v. Born*,
  238 F.3d 853 (7th Cir. 2001) ..........................................................................................7

*Borsellino v. Goldman Sachs Grp., Inc.*,
  477 F.3d 502 (7th Cir. 2007) .................................................................................10, 11

*Bovinett v. HomeAdvisor, Inc.*,
  17 C 06229, 2020 WL 1330407 (N.D. Ill. Mar. 23, 2020) ........................................13

*City of E. St. Louis v. Cir. Ct. for Twentieth Jud. Cir., St. Clair County, Ill.*,
  986 F.2d 1142 (7th Cir. 1993) .......................................................................................7

*Eilenfeldt v. United C.U.S.D. #304 Bd. of Educ.*,
  No. 412CV04029SLDJAG, 2013 WL 12248080 (C.D. Ill. Mar. 25, 2013).............9

*Gentleman v. Mass. Higher Educ. Assistance Corp.*,
  No. 16-CV-03096, 2019 WL 3776758 (N.D. Ill. Aug. 12, 2019), *appeal dismissed,* No. 19-3372, 2019 WL 8997659 (7th Cir. Dec. 6, 2019) ......................12

*Ghosh v. Lindley*,
  4 F.3d 996 (7th Cir. 1993) ..............................................................................................8

*Hefferman v. Bass*,
  467 F.3d 596 (7th Cir. 2006) ........................................................................................12

*Janky v. Batistatos*,
  259 F.R.D. 373 (N.D. Ind. 2009)...................................................................................7

*Mallory v. Rush U. Med. Ctr.*,
  18 CV 4364, 2020 WL 6152670 (N.D. Ill. Oct. 20, 2020).......................................13

*Pittsfield Dev., LLC v. Lynd*,
  No. 19-CV-01321, 2020 WL 6701104 (N.D. Ill. Nov. 13, 2020) ...........................11

*Rose Marine Transp., Inc. v. Kaiser Aluminum & Chem. Corp.*,
  762 F. Supp. 757 (N.D. Ill. 1991) ........................................................................................7

*Royce v. Michael R. Needle P.C.*,
  950 F.3d 939 (7th Cir. 2020) ........................................................................................8, 13

*Sturdy v. Medtrak Educ. Servs. LLC*,
  No. 13-CV-3350, 2014 WL 2727200 (C.D. Ill. June 16, 2014) .............................................10

*Thornwood, Inc. v. Jenner & Block*,
  799 N.E.2d 756 (Ill. App. Ct. 2003) ...................................................................................12

*Wojan v. General Motors Co.*,
  851 F.2d 969 (7th Cir.1988) ...............................................................................................8

*Zahran v. Frankenmuth Mut. Ins. Co.*,
  94 C 4827, 1997 WL 53107 (N.D. Ill. Feb. 6, 1997) ..............................................................7

**Other Authorities**

18 U.S.C. §1962(d) ......................................................................................................................3

iii

Daniel Wirzberger ("Wirzberger"), by and through his undersigned counsel, submits this memorandum of law in support of his motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11").

## **Preliminary Statement**

In the revised Second Amended Complaint (the "SAC"), plaintiff Fund Recovery Services, LLC ("FRS"), as an assignee of Princeton Alternative Income Fund, L.P. ("Princeton"), seeks to assert various claims for relief against Wirzberger based on allegations that Wirzberger (on behalf of his employer) negotiated a transaction whereby his employer became a senior lender to loans originated from Argon Credit. The allegations in the SAC fall woefully short of establishing any *prima facie* claim against Wirzberger and are based on nothing more than rhetoric, speculation, and innuendo.

The Court has already dismissed a prior version of plaintiff's complaint against Wirzberger (as well as against the other defendants). If anything, the amended allegations in the SAC highlight that FRS lacks any viable claim against Wirzberger as FRS has dropped all RICO related claims against Wirzberger (which is the only basis for federal jurisdiction) and acknowledged that Wirzberger's employer (and by extension, Wirzberger individually) was a "victim" of the purported fraudulent scheme.

FRS was again advised of the lack of merit to its claims (*for the third time*) and has refused to voluntarily dismiss the claims against Wirzberger.

Accordingly, FRS (and its counsel) should be sanctioned for pursuing a frivolous action against Wirzberger and Wirzberger should be awarded the significant costs and fees he has incurred in defending this meritless suit.

**Relevant Facts and Procedural History**[1]

The facts and procedural history relevant to this motion are as follows:

*The Initial Complaint*

On September 25, 2020, FRS filed a scattershot complaint in which it alleged that Wirzberger (along with numerous other defendants he had zero interaction with) conspired to defraud FRS through Spartan's acquisition of loans from Argon Credit. (ECF Dkt. No. 1)

In the initial pleading, FRS asserted claims for civil RICO, conspiracy, fraud, conversion, tortious interference with contract, unjust enrichment, and restitution against Wirzberger, lumping him together with the other defendants in virtually all of the remaining allegations in the complaint without identifying any specific act committed by Wirzberger.

On April 14, 2021, the defendants -- including Wirzberger -- filed various memoranda in support of a joint motion to dismiss the complaint. (*See* ECF Dkt. Nos. 104-107) The defendants' memoranda noted, in relevant part, that the pleading was ripe for dismissal because, *inter alia*, (i) the fraud-based claims were not pleaded with the requisite specificity under Rule 9(b); (ii) FRS failed to assert the required elements for a viable RICO claim, warranting dismissal of the entire action on jurisdictional grounds; and (iii) the remaining state law claims were ill-pled.

*The Amended Complaint*

Rather than oppose the defendants' joint motion to dismiss, FRS filed an amended complaint. The amended pleading did nothing to actually address the pleading deficiencies identified by the defendants' group. Indeed, aside from minor, non-substantive revisions

---

[1] The facts and procedural history set forth herein are derived from the pleadings in this action and the exhibits annexed to the Declaration of Kenneth J. Rubinstein, dated May 31, 2022 (the "Rubinstein Decl."), submitted as part of the motion.

(including simply re-ordering paragraphs containing allegations concerning Wirzberger), the amended complaint contained just two new allegations concerning Wirzberger, but neither related to any actions allegedly taken by him. (*See* ECF Dkt. No. 117 (Am. Compl.) ¶¶ 305, 311 -- alleging that defendants Cardinal Trust and Triffler Trust made certain payments in November 2015 "to demonstrate to WIRZBERGER in November 2015 that Argon Credit had received an equity investment from its existing investors") Moreover, despite being fully aware of the numerous deficiencies in its pleading, FRS only excised the claims for unjust enrichment and restitution; otherwise, the amended complaint remained the same as the initial pleading -- ill-pled and ripe for dismissal.

On July 1, 2021, defendants filed a second joint motion to dismiss the amended complaint, which relied on virtually the same legal arguments that were raised in their initial motion to dismiss. (*See* ECF Dkt. Nos. 125-128)

By order dated January 17, 2022, the Court granted defendants' motion to dismiss, holding, in relevant part, that FRS failed to adequately allege the elements necessary for a civil RICO claim or a RICO conspiracy claim. (ECF Dkt. No. 147) The Court "decline[d] to exercise supplemental jurisdiction over" the claims under state law "[b]ecause the Court dismisses both the section 1962(c) RICO claim and the section 1962(d) conspiracy claim against all defendants" (ECF Dkt. No. 147 at pp. 25-26), but permitted plaintiff to file a motion for leave to amend. (ECF Dkt. No. 147 at p. 26)

***The Proposed Second Amended Complaint***

On February 22, 2022, FRS filed a motion for leave the amend and file the SAC. The SAC tabled any claim for a substantive violation of RICO, and instead asserts a RICO conspiracy claim under 18 U.S.C. §1962(d) as its sole federal claim. As it related to Wirzberger,

3

however, the SAC withdrew any RICO related claim and simply asserted a variety of ill-pleaded state law claims for (i) fraud/intentional misrepresentation; (ii) aiding and abetting fraud/intentional misrepresentation; (iii) fraudulent concealment; (iv) aiding and abetting fraudulent concealment; (v) fraud/intentional inducement; (vi) conversion; (vii) aiding and abetting conversion; (viii) civil conspiracy; and (ix) tortious interference with contractual relations. (ECF Dkt. No. 153-2)

The only notable additional allegation in the SAC concerning Wirzberger was that Hamilton (Wirzberger's employer) was an "additional *victim* of the conversion/theft of loan proceeds scheme." (SAC ¶ 231; *see* ¶ 448; emphasis added)

The SAC, like the amended pleading before it, completely failed to address or correct the deficiencies identified by the Court and Wirzberger.[2] As it relates to Wirzberger, FRS alleges that Spartan (through its representative, defendant Kostiner) negotiated financing with Hamilton (through its representative, Wirzberger) as a senior debt holder and provided Hamilton with template agreements that related to the Fintech Loan Agreement with instructions that these template agreements would form the basis for the loan documents to be executed in support of the Spartan Transactions.[3] (*See, e.g.*, ECF Dkt. No. 153-2 (SAC) ¶¶ 163, 165, 171-173, 186, 194, 235) FRS alleges that Wirzberger somehow knew that "the Spartan Transactions were intended to divest Princeton of its value in the Loan Proceeds." (SAC ¶ 174)

---

[2] As detailed below, by the time FRS filed the SAC, Wirzberger had notified plaintiff of the various deficiencies of the claims against him (including through a motion for sanctions; ECF Dkt. No. 134).

[3] The SAC defines "Spartan Transactions" as "operations of various entities controlled and owned by KOSTINER, Argon Credit executives, members/owners of Argon Credit and WOLFE that included the name 'Spartan' into which Defendants transferred the Spartan Loans that had been acquired using Princeton's Loan Proceeds disbursed to the Argon Entities through the Fintech Loan Agreement." (SAC ¶ 165, n.10)

The only notable difference between the SAC and prior iterations of the pleadings, as concerns Wirzberger, is that the SAC does not allege that Wirzberger is a "RICO Defendant" or that he is party of any RICO conspiracy. Thus, there are no claims against Wirzberger over which this Court has original jurisdiction, only the following state law claims: (i) fraud/intentional misrepresentation; (ii) aiding and abetting fraud/intentional misrepresentation; (iii) fraudulent concealment; (iv) aiding and abetting fraudulent concealment; (v) fraud/intentional inducement; (vi) conversion; (vii) aiding and abetting conversion; (viii) civil conspiracy; and (ix) tortious interference with contractual relations.

On April 15, 2022, defendants filed a memorandum of law in opposition to plaintiff's request to file the SAC (the "Omnibus Brief"), which demonstrated that plaintiff's request for leave to amend is futile. (ECF Dkt. No. 159) In particular, the SAC failed to allege a viable RICO conspiracy claim because, *inter alia*, (i) FRS failed to allege a pattern of racketeering activity, (ii) FRS relied on impermissible "group pleading," as well as and conclusory and speculative allegations, in violation of Rule 9(b), and (iii) plaintiff failed to allege any agreement by all the RICO Defendants to conspire against plaintiff.[4]

In addition to the Omnibus Brief, Wirzberger filed a supplemental memorandum demonstrating that there are no viable claims for relief against Wirzberger. (ECF Dkt. No. 162) As noted in that memorandum, if anything, plaintiff alleged that Wirzberger is a *victim*, as it claimed in the SAC that Wirzberger's employer, Hamilton, "was an additional victim of the conversion/theft of loan proceeds," and the only allegations concerning Wirzberger relate to his

---

[4] Wirzberger also joined in a supplemental memorandum demonstrating that the only alleged fraud that conceivably relates to Wirzberger lacks any basis, as the core fraudulent omission for the "Spartan Fraud" was repeatedly disclosed to plaintiff (a fact acknowledged in the SAC, as well in documents referenced or relied upon in the SAC). (*See* ECF Dkt. No. 161)

5

actions on behalf of Hamilton and/or the funding of the Spartan Transactions through Hamilton. (SAC ¶¶ 231, 448)

***Wirzberger Provided Notice Pursuant to Rule 11(c)(2)***

By letter dated January 12, 2021 (Rubinstein Decl., Ex. 1), FRS was first put on notice of the frivolous nature of its claims against Wirzberger.

On April 27, 2021, Wirzberger provided notice that he would seek sanctions under Rule 11 if FRS did not withdraw its claims against him. (Rubinstein Decl., Ex. 2)

After receiving the amended complaint, Wirzberger served a second Rule 11 notice (Rubinstein Decl., Ex. 3) and then filed a motion for sanctions. (ECF Dkt. Nos. 133-36)

On August 12, 2021, the Court terminated the motion for sanctions "without prejudice to renewal following ruling by the Court on the pending motions to dismiss." (ECF Dkt. No. 137)

On May 9, 2022, for the third time, Wirzberger served a Rule 11 notice. (Rubinstein Decl., Ex 4) Plaintiff has refused to withdraw the SAC as against Wirzberger.

Against this backdrop, Wirzberger seeks sanctions against FRS and its counsel pursuant to Rule 11, F.R.C.P.

## Argument

**I.**     ***Applicable Legal Standard***

Rule 11(b) provides that:

By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Pursuant to Rule 11(c)(1):

If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Rule 11 "is designed to deter frivolous suits and tactics." *Zahran v. Frankenmuth Mut. Ins. Co.*, 94 C 4827, 1997 WL 53107, at *1 (N.D. Ill. Feb. 6, 1997); *see also City of E. St. Louis v. Cir. Ct. for Twentieth Jud. Cir., St. Clair County, Ill.*, 986 F.2d 1142, 1143 (7th Cir. 1993) ("Rule 11 establishes duties to both the opposing side and the legal system as a whole that are designed to curb needless expense and delays and to free the courts from litigation that strains scarce judicial resources").

**II.** ***Rule 11 Sanctions are Warranted Against FRS***

Rule 11 sanctions are plainly warranted where, as here, a plaintiff refuses to withdraw a complaint that is completely without merit and subject to dismissal on a variety of grounds. *See, e.g.*, *Bethesda Lutheran Homes & Servs., Inc. v. Born*, 238 F.3d 853, 859 (7th Cir. 2001) (reversing denial of sanctions where "it should have been obvious to any lawyer that relief was barred on multiple grounds"); *Janky v. Batistatos*, 259 F.R.D. 373, 382 (N.D. Ind. 2009) (awarding sanctions because the "entire lawsuit was not warranted by existing law or by a nonfrivolous argument" and "was brought for an improper purpose, both to harass Defendants and to needlessly increase the cost of litigation"); *Rose Marine Transp., Inc. v. Kaiser Aluminum*

*& Chem. Corp.*, 762 F. Supp. 757, 764 (N.D. Ill. 1991) (awarding Rule 11 sanctions where plaintiff asserted claim based upon "untenable" legal theory).

Notwithstanding the fact that the Court lacks subject matter jurisdiction over Wirzberger (who is not alleged to be a "RICO Defendant") (ECF Dkt. No. 159 at pp. 1, n.1, 47; ECF Dkt. No. 162 at 2), the SAC falls woefully short of alleging any viable claim for relief against Wirzberger.[5] Such a frivolous pleading -- which is subject to dismissal for any host of reasons (*see, e.g.*, ECF Dkt. Nos. 159, 161, 162) and should not have been filed after reasonable inquiry -- warrants the imposition of sanctions against FRS and its counsel. *See, e.g., Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 957–58 (7th Cir. 2020) ("Needle P.C. was not sanctioned because its position turned out to be wrong, but because it was frivolous, disregarding what anyone having taken a first-year contracts class could identify as the pivotal legal issues and utterly devoid of merit.") (quotations omitted); *Berwick Grain Co., Inc. v. Illinois Dept. of Agric.*, 217 F.3d 502, 504–05 (7th Cir. 2000) ("Frivolous or legally unreasonable arguments, then, may incur penalty, and for Rule 11 purposes a frivolous argument is simply one that is baseless or made without a reasonable and competent inquiry") (quotation and citations omitted).

The frivolity of plaintiff's claims is revealed by plaintiff's acknowledgement that "Hamilton was an additional victim of the conversion/theft of loan proceeds" (SAC ¶¶ 231, 448), which entirely undercuts any claim against Wirzberger. As alleged by FRS, Wirzberger was the "representative of Hamilton Funding" and the only allegations concerning Wirzberger relate to

---

[5] That the Court lacks subject matter jurisdiction (given FRS' failure to adequately allege a RICO claim) does not prevent the Court from imposing sanctions pursuant to Rule 11. *See, e.g., Ghosh v. Lindley*, 4 F.3d 996 (7th Cir. 1993) ("district courts possess inherent power over Rule 11 motions even under circumstances where jurisdiction over the underlying case is absent....") (*quoting Wojan v. General Motors Co.,* 851 F.2d 969, 972 (7th Cir.1988)).

8

his actions on behalf of Hamilton and/or the funding of the Spartan Transactions through Hamilton. (*See, e.g.*, SAC ¶¶ 163, 165, 171-173, 186, 194, 208, 235, 242) There are no allegations that separate Wirzberger from Hamilton or allegations that he committed any wrongdoing for which he can be individually culpable.

### A. Fraud-Based Claims

For the reasons set forth in the Omnibus Brief (*see* ECF Dkt. No. 159), the fraud claims are entirely deficient. With respect to Wirzberger in particular, FRS (i) fails to allege any statement by Wirzberger (let alone a misstatement or omission) in connection with the purportedly fraudulent scheme (ECF Dkt. No. 159 at pp. 1-4); (ii) engages in impermissible "group pleading" by lumping Wirzberger together with other defendants, in violation of Rule 9(b)[6] (*see, e.g.*, ECF Dkt. No. 159 at pp. 2-3, 33, 36, 41); (iii) fails to allege that Wirzberger had a duty to disclose to FRS and, as such, he cannot be liable for any purported to failure to disclose (ECF Dkt. No. 159 at pp. 13-18); and (iv) is bereft of any non-conclusory allegation that Wirzberger had any intent to defraud FRS (ECF Dkt. No. 159 at pp. 12-13, 35, 41).

Beyond that, the only fraudulent scheme potentially relevant to Wirzberger -- concerning the "Spartan Fraud" identified as "Scheme 2" in the SAC -- is entirely without basis. As noted in the supplemental brief (ECF Dkt. No. 161), Scheme 2 is premised upon the alleged non-disclosure of certain actions to Princeton/FRS; yet, numerous documents reveal that plaintiff had been repeatedly informed about the basis for the purported Spartan Fraud. And, in any event, the

---

[6] The lumping of the defendants together also warrants dismissal under Rule 8(a), F.R.C.P. *See, e.g.*, *Eilenfeldt v. United C.U.S.D. #304 Bd. of Educ.*, No. 412CV04029SLDJAG, 2013 WL 12248080, at *3 (C.D. Ill. Mar. 25, 2013) ("By continually lumping "the Defendants" together Eilenfeldt violates Rule 8(a)'s requirement that she give the Defendants fair notice of the claims against them, because she has deprived the Defendants of the ability to determine which of Eilenfeldt's allegations are being made against them and which are not.").

9

SAC itself admits this very fact. (SAC ¶ 197 ("Schnosenberg, by an earlier email dated November 17, 2015, had disclosed the Spartan Investment to PAIF's representatives ...."))

Beyond that, because each and every claim against Wirzberger hinges on, and is explicitly premised upon, the same deficient fraud allegations they are required to be pled with specificity under Rule 9(b), which they fall woefully short of satisfying. *See, e.g., Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507–08 (7th Cir. 2007) ("Although claims of interference with economic advantage, interference with fiduciary relationship, and civil conspiracy are not by definition fraudulent torts, Rule 9(b) applies to 'averments of fraud,' not claims of fraud, so whether the rule applies will depend on the plaintiffs' factual allegations. A claim that 'sounds in fraud' -- in other words, one that is premised upon a course of fraudulent conduct -- can implicate Rule 9(b)'s heightened pleading requirements.") (citations omitted).

### B. Conversion Claim

FRS' claim for conversion claim is based on the same allegations as its fraud claim and is therefore subject to dismissal. (SAC ¶¶ 538-39, 542) This claim is also deficient because there is no allegation that *Wirzberger* individually took possession of any property that FRS has any conceivable claim over. *See, e.g., Sturdy v. Medtrak Educ. Servs. LLC*, No. 13-CV-3350, 2014 WL 2727200, at *4 (C.D. Ill. June 16, 2014) (elements for conversion claim are: "(1) [the plaintiff] has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property.").

{00476605.DOCX; 5}

### C. *Tortious Interference with Contract Claim*

As with the other claims, the tortious interference claim against Wirzberger is premised on alleged fraud and therefore is ripe for dismissal. (SAC ¶¶ 565-68) Furthermore, there are no allegations in the SAC that Wirzberger had any intention to cause the Argon Entities to breach any agreement. *See, e.g.*, *Pittsfield Dev., LLC v. Lynd*, No. 19-CV-01321, 2020 WL 6701104, at *6 (N.D. Ill. Nov. 13, 2020) ("To state a claim for tortious interference with contract, the plaintiff must allege: (1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of the contractual relationship between the plaintiff and another; (3) the defendant's intentional and unjustifiable inducement of a breach of the contract; (4) a breach of contract by the other caused by the defendant's wrongful acts; and (5) damage to the plaintiff.").

At most, FRS contends that Wirzberger received form loan documents from Kostiner and that Hamilton may have used such documents as a template from which to prepare its own loan documents, but there is no allegation detailing how or why using a template legal document could possibly be fraudulent. *See, e.g.*, *Borsellino*, 477 F.3d at 508 ("even accepting all of the plaintiffs' allegations at face value, there was no interference by the defendant that could have induced a breach or termination of Borsellino's expectancy. In other words, the SAC fails to describe any sort of plausible 'what' of the fraud."). And, there are no non-conclusory allegations that *Wirzberger* caused Argon to breach any contract with FRS. If anything, the SAC alleges that Hamilton (and thereby Wirzberger) was also duped by the Spartan Fraud. (SAC ¶¶ 231, 448)

### D. Civil Conspiracy and Aiding and Abetting Claims

FRS' civil conspiracy and aiding and abetting claims are without any basis because, as described above, the underlying claims are subject to dismissal. *See, e.g., Macon Cty., Ill. ex rel. Ahola v. Merscorp, Inc.*, 968 F. Supp. 2d 959, 971–72 (C.D. Ill. 2013), *aff'd sub nom. Macon Cty., Ill. v. MERSCORP, Inc.*, 742 F.3d 711 (7th Cir. 2014) ("The gist of a civil action for conspiracy is not the conspiracy itself, but the wrongful acts done in furtherance of the conspiracy. If the underlying claim is dismissed, then the conspiracy claim must also fail.") (citations omitted); *Gentleman v. Mass. Higher Educ. Assistance Corp.*, No. 16-CV-03096, 2019 WL 3776758, at *10 (N.D. Ill. Aug. 12, 2019), *appeal dismissed,* No. 19-3372, 2019 WL 8997659 (7th Cir. Dec. 6, 2019) ("Where the underlying claim is dismissed, both conspiracy and aiding and abetting claims must also fail.").

Even if FRS asserted viable claims for relief (and it has not), these claims nonetheless would be subject to dismissal because there is no non-conclusory allegation that Wirzberger was aware of the purported fraud, let alone that Wirzberger knowingly and substantially assisted in any fraud. *See, e.g.*, *Hefferman v. Bass*, 467 F.3d 596, 601 (7th Cir. 2006); *see also Thornwood, Inc. v. Jenner & Block*, 799 N.E.2d 756, 767 (Ill. App. Ct. 2003).

### E. Sanctions Should be Imposed Against Plaintiff and Counsel

For the reasons set forth above (as well as in the various memoranda in opposition to plaintiff's motion for leave to amend), FRS' proposed pleading is unquestionably frivolous and subject to dismissal. Because the SAC should not have asserted claims against Wirzberger had there been a reasonable inquiry conducted by FRS and its counsel, the imposition of sanctions

against FRS and its counsel is warranted. *See, e.g.*, *Royce*, 950 F.3d at 957–58; *Berwick Grain Co.*, 217 F.3d at 504–05.

Accordingly, sanctions consisting of Wirzberger's costs and expenses associated with responding to FRS' frivolous pleadings and the filing of the instant Rule 11 motion should be imposed against FRS and its counsel.[7] *See, e.g.*, Fed. R. Civ. P. 11(c)(4) ("The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."); *Mallory v. Rush U. Med. Ctr.*, 18 CV 4364, 2020 WL 6152670, at *1 (N.D. Ill. Oct. 20, 2020) ("If an attorney violates the requirements of Rule 11(b), a court may impose appropriate sanctions, including "appropriate attorneys' fees incurred as a direct result of the violation," and award attorney's fees and expenses associated with opposing a motion that violated Rule 11 and the preparation of the Rule 11 motion) (quotations omitted); *Bovinett v. HomeAdvisor, Inc.*, 17 C 06229, 2020 WL 1330407, at *4 (N.D. Ill. Mar. 23, 2020) (a "[v]iolation of [Rule 11] is grounds for the imposition of an appropriate sanction, which may include payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation," and awarding attorney's fees and costs relating to the filing of a motion to dismiss frivolous claims asserted in the complaint and the Rule 11 motion) (quotations omitted).

---

[7] Should the Court determine that the imposition of sanctions is appropriate, Wirzberger respectfully requests permission to submit an application for fees and costs.

**Conclusion**

Based on the foregoing, Wirzberger requests that the Court enter an order imposing sanctions pursuant to Rule 11 against FRS and its counsel, together with such other and further as the Court may deem just and proper.

Dated: June 2, 2022

                                   JASZCZUK P.C.

                                   By: /s/ Daniel I. Schlessinger
                                                   Daniel I. Schlessinger
                                   311 S. Wacker Drive, Suite 2150
                                   Chicago, Illinois 60606
                                   (312) 442-0366
                                   dschlessinger@jaszczuk.com

                                   COHEN TAUBER SPIEVACK & WAGNER P.C.
                                   Kenneth J. Rubinstein (admitted *pro hac vice)*
                                   Jackson S. Davis (admitted *pro hac vice*)
                                   420 Lexington Avenue, Suite 2400
                                   New York, New York 10170
                                   (212) 586-5800
                                   krubinstein@ctswlaw.com

                                   *Counsel to Daniel Wirzberger*

## CERTIFICATE OF SERVICE

    I, Daniel I. Schlessinger, an attorney, do hereby certify that I caused the MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SANCTIONS PURSUANT TO RULE 11, F.R.C.P. to be served on all persons and entities registered and authorized to receive such service through the Court's Case Management/Electronic Case Files (CM/ECF) system on June 2, 2022.

    JASZCZUK P.C.

    /s/ Daniel I. Schlessinger
    *Counsel to Daniel Wirzberger*